IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:17CR00062 DPM |
| | ) | |
| CORDERO GLASS | ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO CORDERO GLASS'S PRO SE MOTION FOR EARLY TERMINATION OF PROBATION**

The United States of America, by Cody Hiland, United States Attorney for the Eastern District of Arkansas, and Assistant United States Attorney Cameron C. McCree, opposes Cordero Glass's motion for early termination of probation[1] (ECF No. 2). Mr. Glass has not established any factual basis to justify early termination of his supervision and his criminal history includes violent conduct within the last 10 years. The United States requests that the Court deny his motion for early termination and modify his conditions instead.

**BACKGROUND**

On September 28, 2011, Mr. Glass pleaded guilty to possession with intent to distribute 5 grams or more of methamphetamine, a violation of Title 21, United States Code, Section 841(a)(1) and a Class B felony. On January 4, 2012, the Honorable Stephen N. Limbaugh, Jr. of the United States District Court for the Eastern District of Missouri sentenced Mr. Glass to 60 months in the Bureau of Prisons to be followed by 48 months of supervised release. The Court directed that during his supervision, Mr. Glass must submit to drug testing and attend substance abuse treatment, among other things.

---

[1] Mr. Glass styled his motion is a request to terminate probation. Mr. Glass was not sentenced to a term of probation; he is on supervised release.

Mr. Glass began his supervision on February 3, 2016, and this Court accepted jurisdiction on March 4, 2017. Mr. Glass's supervision is scheduled to end in February 2020. Mr. Glass now seeks to end his supervision early. The United States Probation Office has examined Mr. Glass's case and determined that he does not meet that office's eligibility criteria because on October 2010, he was convicted of Domestic Battery 3rd Degree (a misdemeanor offense). The United States opposes Mr. Glass's request to terminate his supervision a year early.

## DISCUSSION

In determining whether early termination of supervised release is appropriate, the Court should consider the factors set out in Title 18, United States Code, Section 3553(a). *See* 18 U.S.C. § 3583(e). At sentencing, Judge Limbaugh reviewed the Section 3553(a) factors and determined that Mr. Glass's current sentence was sufficient but not greater than necessary to comply with the purposes of that statute. Mr. Glass's motion does nothing to demonstrate a material change in circumstances that would warrant a reassessment of these factors. Mr. Glass contends that early termination is warranted because he earned a GED, completed the RDAP program (despite not being eligible for the one-year reduction) and several pre-release programs, has compiled with the law, and has learned from his past mistakes. Mr. Glass mentions that he is seeking early release because "he has had a lot of great paying job offers out of state and he wishes to travel the United States for better job opportunities."

Mr. Glass's overall progress in changing his life, while laudable, is not a sufficient reason to terminate his supervision early. "Mere compliance with the terms of probation does not justify early termination because compliance is expected. Without more, early termination cannot be justified." *United States v. Kattom*, Case No. 4:06CR00053-06 JLH, 2009 WL 3783783, *1 (E.D. Ark. Nov. 10, 2009) (unpublished) (denying motion for early termination of probation because

defendant "presented nothing to show that completion of his term of probation will present some unusual hardship" and presented no changed circumstances) (citing *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003)). *See also United States v. Terrance Francis Finn, Sr.*, Case No. 4:12CR00307 SWW, Docket No. 24 (E.D. Ark. March 18, 2015); *United States v. John Michael Glover*, Case No. 4:12CR00162 KGB, Docket No. 25 (E.D. Ark. July 29, 2014). "[T]here is a general agreement that the early termination of probation . . . is only warranted in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior." *Caruso*, 241 F. Supp. 2d at 468 (citing cases).

Mr. Glass also contends that he needs to end his supervision early to facilitate his employment. The United States recognizes that if Mr. Glass is to have an opportunity for a successful future, he must have means of earning an honest living. Nevertheless, to the extent Mr. Glass complains that his supervision interferes with his employment, the United States submits that a modification of his conditions could address any issues. For example, the United States would not oppose an order modifying standard condition 1 so that Mr. Glass can travel out of the district as needed for work. The United States Probation Office does not oppose a modification of Mr. Glass's travel restriction but requests that the Court continue the conditions that require Mr. Glass to report as directed (standard condition 2) and to permit a probation officer to visit him at any time (standard condition 10). The United States hopes that Mr. Glass's good conduct continues, but if it does not, having him on supervision provides a mechanism to address quickly any new criminal conduct and to protect the public from a person who has been violent in the past.

## CONCLUSION

For all of the reasons set out in the response, the United States asks that the Court modify Mr. Glass's conditions rather than terminate them.

          CODY HILAND
          United States Attorney

By:  CAMERON C. McCREE (2007148)
      Assistant U.S. Attorney
      P.O. Box 1229
      Little Rock, Arkansas 72203
      (501) 340-2624
      Cameron.McCree@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on January 9, 2019, I filed this response with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record. A copy of this response is being mailed to Cordero Glass at the following address:

508 Melrose, Apt. B
Jonesboro, Arkansas 72401

          *Cameron C. McCree*